Filed 9/15/14  In re Alonzo G. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ALONZO G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALONZO G., <br><br> Defendant and Appellant. | A141072 <br><br> (Contra Costa County Super. Ct. No. J1200548) |

Alonzo G. appeals from the juvenile court's disposition order in a proceeding under Welfare and Institutions Code section 602.  His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

I.  FACTS AND PROCEDURAL HISTORY

In April 2012, a Welfare and Institutions Code section 602 petition charged appellant with brandishing a weapon (Pen. Code, § 417, subd. (a)(1)) and making criminal threats (Pen. Code, § 422).  In August 2012, appellant admitted the criminal threats allegation, and the brandishing allegation was dismissed.  Appellant was placed on formal probation without wardship pursuant to Welfare and Institutions Code section 725.  The court awarded restitution to the victim in an amount to be determined.

In January 2013, appellant admitted that he had been suspended from school for smoking marijuana, thereby violating his probation. In February 2013, the court sustained allegations of subsequent probation violations, with findings that appellant had been absent from school, did not return home, and violated his curfew. In March 2013, appellant was declared a ward of the court, placed on probation with electronic monitoring, and returned to live with his mother.

On May 1, 2013, appellant admitted he again violated his probation, this time based on his school performance. He was returned to probation with all previous orders to remain in effect.

On May 31, 2013, a supplemental Welfare and Institutions Code section 602 petition alleged two counts of unlawfully taking a motor vehicle (Veh. Code, § 10851, subd. (a)), misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)), and first degree burglary (Pen. Code, §§ 459, 460, subd. (a)). In one incident, appellant had been caught in possession of a stolen dirt bike and was observed on videotape stealing the dirt bike from a garage. In another incident, a witness observed appellant driving a stolen SUV, and a security video showed him getting out of the car. A notice of a probation violation hearing was also filed, based on appellant's failure to attend school, a suspension from school, and a second suspension from school for threatening to slap a teacher.

On June 14, 2013, appellant admitted one count of unlawfully taking a vehicle (for the car theft) and an added misdemeanor count of second degree burglary under Penal Code sections 459 and 460, subdivision (b) (as to the dirt bike); the other counts and the probation violation petition were dismissed. The court ordered appellant to complete a six-month Contra Costa County ranch program at the Orin Allen Youth Rehabilitation Facility (OAYRF). The court also ordered restitution for one victim and set a contested restitution hearing for another victim.

About a month after appellant was released from his six-month OAYRF commitment, he was arrested in Solano County after police observed him driving a Jeep Wrangler off a dealership's lot. After the police apprehended him, appellant admitted breaking into the dealership, taking a key fob, activating it until he identified the vehicle

to which it belonged, and taking the Jeep. The Solano County juvenile court sustained allegations of unlawfully taking a motor vehicle (Veh. Code, § 10851, subd. (a)) and second degree commercial burglary (Pen. Code, § 459).

The Contra Costa County juvenile court accepted the case for dispositional transfer in December 2013; on January 7, 2014, the court ordered appellant to complete a nine-month program at OAYRF. In addition, the defense stipulated to the $1,172.48 amount of restitution claimed by the victim in the original petition.

On January 15, 2014, a second supplemental Welfare and Institutions Code section 602 petition alleged that appellant had escaped from the "Byron Boy's Ranch" (OAYRF). (Welf. & Inst. Code, § 871, subd. (a).) A witness had observed appellant and another resident jumping over a fence and fleeing the facility, and law enforcement later apprehended them. Appellant admitted the escape allegation on January 16, 2014.

A contested dispositional hearing on the second supplemental petition took place on February 10, 2014. Defense counsel called three witnesses from the probation department to testify about the programs available at potential placements for Contra Costa County wards. The deputy probation officer who authored the probation report recommended that appellant be committed to the county Youth Offender Treatment Program (YOTP), because YOTP's structured environment would be beneficial for appellant. The supervisor of the out of home placement unit testified that appellant had not been referred to out of home placements and was suitable for the Bar-O Ranch program, but that a minor with the propensity to abscond would do better at YOTP, which was a secure and more restrictive and structured environment. The probation manager for juvenile hall, who had been the administrator of the YOTP program, estimated that the waiting time to begin the YOTP program was about four months, during which time wards would remain in juvenile hall without participating in YOTP-specific programs.

Defense counsel argued that appellant should be placed in an out of home program that addressed the development of social skills. Commitment to YOTP would not afford him those skills, counsel urged, and would increase the risk that appellant would

3

recidivate. Alternatively, defense counsel proposed a commitment to the Bar-O Ranch program.

The juvenile court observed that appellant had ascended "up the ladder from nonwardship probation to wardship, to the six-month program at the [Byron Boy's] Ranch where he did well, and then taken to the Ranch for the nine-month program . . . but he chooses very shortly thereafter to run." The court found that appellant's conduct continued to escalate in seriousness, and that even his mother agreed that YOTP would be an appropriate placement. In light of the circumstances, including the increasing gravity of his offenses and his willingness to escape from a ranch facility, the court found that appellant's best interests would be served in a locked facility.

The court continued the wardship and committed appellant to YOTP. The court also calculated appellant's maximum confinement time, granted credit for time served, and imposed probation conditions for any potential period out of confinement, without objection. A further hearing regarding victim restitution on earlier offenses was put over to May 2014.

This appeal followed.

## II. DISCUSSION

Appellant's counsel represents in the opening brief in this appeal that counsel wrote to him and advised him of the filing of a *Wende* brief and his opportunity to personally file a supplemental brief raising any issues he wished to call to the court's attention within 30 days. This court has not received any supplemental brief from appellant.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

## III. DISPOSITION

The order is affirmed.

4

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.